**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TILAK DIYANI,<br>(A No. 212-272-141)<br><br>        Petitioner,<br><br>v.<br><br>TONYA ANDREWS, et al.,<br><br>        Respondents. | Case No. 1:26-cv-04586-JLT-CDB<br><br>ORDER DENYING THE PETITION FOR HABEAS CORPUS; DENYING PETITIONER'S REQUEST FOR TEMPORARY RESTRAINING ORDER AS MOOT; AND DENYING PETITIONER'S REQUEST TO APPOINT COUNSEL<br><br>(Docs. 1, 3, 4.) |

## I.  INTRODUCTION

Before the Court is Tilak Diyani's request for a temporary restraining order (Doc. 4), filed in conjunction with his petition for a writ of habeas corpus brought under 28 U.S.C. § 2241 challenging his ongoing detention. (Doc. 1.) The government filed a response to the TRO and the underlying petition, asserting that Petitioner is deportable under 8 U.S.C. § 1227(a)(2)(B)(i) and subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(B) due to his past conviction relating to controlled substances. Having carefully considered the parties' submissions, and for the reasons set forth below, the Court **DENIES** the petition for writ of habeas corpus.

## II.  FACTUAL & PROCEDURAL BACKGROUND

Petitioner is a native of Nepal and a citizen of Bhutan. (Doc. 1 at 5; Doc. 9-1 at 1.) He entered the United States as a Lawful Permanent Resident in 2010, when he was a child. (*Id*.) Petitioner has a series of criminal convictions and arrests in the United States. On October 15,

2017, Petitioner was arrested in Garland, Texas, for a Class C assault. (Doc. 9-1 at 2.) The disposition of the case is unknown. (*Id.*) On October 5, 2020, Petitioner was arrested in Dallas, Texas, for Mail Theft and sentenced to 50 days confinement. (*Id.*) On February 4, 2021, Petitioner was arrested in Richardson, Texas, for a Liquor Violation. (*Id.*) The disposition of the case is unknown. On December 1, 2021, Petitioner was arrested in Garland, Texas, for four counts of Forgery of a Financial Instrument, for which he was released without prosecution. (*Id.*) On September 17, 2022, Petitioner was arrested in Richardson, Texas, for Fraudulent Use or Possession of Identifying Information. (*Id.*) The disposition of the case is held. (*Id.*) On September 22, 2022, Petitioner was arrested in Richardson, Texas, for Indecency with a Child (Including Sexual Contact). (*Id.*) The case was dismissed. (*Id.*) On June 9, 2024, Petitioner was arrested for burglary of vehicles and was sentenced to 24 days confinement. (*Id.*) On October 28, 2024, Petitioner was arrested for assault causing bodily, resisting arrest, and evading arrest. (*Id.*) The disposition of these cases is unknown. (*Id.*)

As relevant to the instant motion, on February 1, 2024, Petitioner was arrested for possession of cocaine in an amount of less than one gram, including adulterants and dilutants, in violation of Texas Health and Safety Code ("THSC") § 481.115(b).[1] (*Id.*) On November 6, 2025, Petitioner pled guilty to the charge as part of a plea agreement. (Doc. 9-4.) On November 11, 2025, the Texas state court entered an order of deferred adjudication, ordered that Petitioner be placed on deferred adjudication community supervision for two years, and ordered that Petitioner pay $290 in court costs. (*Id.*)

On April 6, 2026, immigration authorities encountered Petitioner in Dallas County Jail following an arrest for possession of a controlled substance and tampering with evidence. (Doc. 9-1 at 3.) Immigration authorities placed an immigration detainer on Petitioner due to his past convictions. (*Id.*) On May 14, 2026, Petitioner was transported from Dallas County Jail into immigration custody. (*Id.*) On that date, Petitioner was also issued a Notice to Appear charging him with removability under 8 U.S.C. § 1227(a)(2)(B)(i) (having been convicted of a violation

---

[1] On this same day, Petitioner was arrested for assault causing bodily injury to a family member, for which he was sentenced to 12 days confinement. (Doc. 9-1 at 3.)

of law relating to a controlled substance at any time after admission). (Doc. 9-2.)

On June 15, 2026, Petitioner filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, motion for TRO, and motion to appoint counsel. (Docs. 1, 3, 4.) On May 8, 2026, this Court issued a Minute Order calling for the filing of an opposition and reply related to the TRO. (Doc. 8.) On June 16, 2026, Respondents filed an opposition, (Doc. 9), and Petitioner did not file a reply. In his habeas petition, Petitioner argues that Respondents violated the Fifth Amendment and that he is entitled to immediate release, as well as a pre-deprivation hearing and notice in the event of future detention. (*See* Doc. 1 at 16.) In opposition, Respondents argue that Petitioner subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(B) due to his past convictions relating to controlled substances. Petitioner has been detained for approximately two and a half months at the Golden State Annex Detention Facility in McFarland, California. (Doc. 1 at 5.)

### III.   LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

### IV.   DISCUSSION

The Court agrees with Respondents that the proper detention authority in this case is 8 U.S.C. § 1226(c). Section 1226 generally applies "pending a decision on whether the alien is to be removed from the United States," *i.e.*, while removal proceedings are ongoing. Section 1226(c)(1)(B) mandates the detention of "any alien who ... is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title." 8 U.S.C.A. § 1226(c)(1)(B). 8 U.S.C. § 1227(a)(2)(B)(i) applies to "[a]ny alien who at any time after admission has been convicted of a violation of (or a conspiracy or attempt to violate)

any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in section 802 of Title 21), other than a single offense involving possession for one's own use of 30 grams or less of marijuana[.]" 8 U.S.C. § 1227(a)(2)(B)(i).  Given that Petitioner's conviction involved cocaine, which is included in the Controlled Substances Act, 21 U.S.C. § 802, it qualifies as a violation of law relating to a controlled substance under 8 U.S.C. § 1227(a)(2)(B)(i) and not subject to the exception for possession of less than 30 grams of marijuana.[2]  As such, Petitioner is subject to 8 U.S.C. § 1226(c)(1)(B) and is neither entitled to immediate release nor a bond hearing.

Petitioner also asks this Court to appoint counsel in his habeas action. (Doc. 3.) Title 18 U.S.C. § 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the case if "the interests of justice so require." As explained above, considering Petitioner's conviction related to a controlled substance, the Court finds that his detention is mandatory under § 1226(c) and denies habeas relief. Accordingly, the interests of justice do not require appointment of counsel.

**V.      CONCLUSION AND ORDER**

1.      Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**.

2.      Petitioner's Motion for Temporary Restraining Order (Doc. 4) is **DENIED** as moot.

3.      Petitioner's Motion for Appointment of Counsel (Doc. 3) is **DENIED**.

4.      The Clerk of the Court is directed to **CLOSE THE CASE**.

IT IS SO ORDERED.

Dated:   **June 30, 2026**

UNITED STATES DISTRICT JUDGE

---

[2] For the purpose of the foregoing analysis, the Court treats Petitioner's charge pursuant to THSC § 481.115(b) as a conviction despite evidence of deferred adjudication. The Immigration and Nationality Act defines conviction as "a formal judgment of guilt of the alien entered by a court." 8 U.S.C. § 1101(a)(48)(A). If adjudication is withheld, a conviction remains if (1) a judge or jury has found the alien guilty or the alien has entered a plea of guilty or nolo contendere or (2) the judge has ordered some form of punishment, penalty, or restraint on the alien's liberty to be imposed. 8 U.S.C. § 1101(a)(48)(A)(i)–(ii). Here, Petitioner plead guilty to the THSC § 481.115(b) charge and the state court ordered that Petitioner be placed on deferred adjudication community supervision for two years and to pay court costs, which qualify as "punishment" under the INA. 8 U.S.C. § 1101(a)(48)(A)(i)–(ii).

4